UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                        Plaintiff,<br><br>v.<br><br>JAMES ALLEN WILLIAMS,<br><br>                                        Defendant. | Case No.:  19cr2175; 22cv579-CAB<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. SECTION 2255 [Doc. No. 34]** |

On April 25, 2022, Petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence. [Doc. No. 34.] On May 25, 2022, Respondent filed an opposition. [Doc. No. 37.] On June 9, 2022, Petitioner filed a reply. [Doc. No. 38.][1] For the reasons set forth below, the motion is **DENIED**.

BACKGROUND

On June 11, 2019, James Allen Williams (hereafter Defendant or Williams) was arraigned on a one-count Indictment charging him with Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1). See Doc. Nos. 1, 6. The charge, as alleged, carried a 10-year minimum mandatory sentence. Defendant pled not guilty. Doc. No. 6.

---

[1] Although one day late, the court considers the reply to be timely filed and has considered it.

1

On September 12, 2019, Defendant waived his right to indictment and pled guilty to a one count Superseding Information charging him with Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), which did not charge a mandatory minimum sentence, pursuant to a plea agreement reached between the parties. See Doc. Nos. 17 - 21. Among other provisions, Williams agreed to an appellate waiver. Doc. No. 18.

On December 23, 2019, Williams was sentenced. The Court, pursuant to the parties' agreement, calculated Defendant's Sentencing Guideline Range to be 130 to 162 months. Doc. No. 33 at 3. The government recommended a sentence of 100 months and probation recommended a sentence of 108 months. Counsel for defendant countered with a 60- month sentencing recommendation, arguing it was warranted based on Defendant's age, drug addictions, lack of support, and his willingness to submit to drug rehabilitation programs and investment in his future as a good parent and citizen. *Id*. at 3-5. During the proceeding, the Court noted that Defendant had "no [federal] custodial credits," and that his "State custodial credits are not the same charges as here." Doc. No. 33 at 8.

Ultimately, the Court considered the nature and circumstances of Defendant's offense, his history and characteristics, and the "need to deter criminal conduct and protect the public from further crimes by" Williams. Doc. No. 33 at 10. The Court also considered the smaller quantity of drugs possessed for distribution but also the fact that Defendant was the "last end of the chain" and the harm his direct distribution of methamphetamine had on people. *Id*. at 10. The court determined that a sentencing of "48 months to run consecutive to [Williams's] State court sentence" was appropriate, noting that Williams has "no custodial credits at this time." *Id*. at 12. In sentencing Defendant, the court noted that "presumably, [Williams will] finish [] state custody in 2021, and then [] go into federal custody on this offense for four years." Doc. No. 33 at 11. The Court also confirmed that Defendant had waived his right to appeal in response to the Court's sentence. Doc. No. 33 at 13.

On March 30, 2020, Williams's fiancé through email requested certain documents of Defendant's counsel. According to Defendant, the request was not completed until December 18, 2020.

## LEGAL STANDARD

Defendant's motion to vacate his sentence arises under 28 U.S.C. § 2255, which provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Thus, "[u]nder 28 U.S.C. § 2255, a federal court may vacate, set aside, or correct a federal prisoner's sentence if the sentence was imposed in violation of the Constitution or laws of the United States." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011).

Defendant argues three grounds for his motion under 28 U.S.C. § 2255. Doc. No. 34 at 4. The first titled, "Denied Release in April 2021 NVSS hearing through no fault of my own," alleges that the court was "misinformed about my discharge date," and that Defendant's release denial resulted from COVID-19. Doc. No. 34. Defendant asks for a 12-month reduction of his Federal custodial time from 48 to 36 months, because the Court believed that Williams would start his federal sentence in April of 2021. *Id*.

Defendant's Ground Two titled, "Ineffective assistance of counsel," alleges that his previous defense counsel failed to correct misstatements about Williams's state sentence, and defense counsel did not respond to emails causing Williams to not timely submit his motion, putting Williams at an "extreme disadvantage." Doc. No. 34 at 5.

Defendant's Ground Three titled, "Incorrect information pertaining to state release date which directly affected my sentencing," asserts that the Court's intent was for

Williams to serve only a "very specific amount of time," based on the Court's belief he would be discharged in April of 2021. Doc. No. 34 at 7.

## DISCUSSION

1. Untimely Petition

Title 28 U.S.C. § 2255(f) grants defendants one year to file an ineffective assistance of counsel motion with some exceptions. Defendant's motion was filed more than one year after the January 6, 2021, deadline to file. Defendant claims he requested documents from his counsel and did not receive them until December 18, 2020. However, even if the statute of limitations is tolled during that time, Defendant did not file the motion until 16 months after receiving the requested documents. Therefore, the motion is untimely. Nevertheless, in the interests of justice, the court will consider the merits of the motion.

2. Waiver of Claims

Defendant's claim that the Court misunderstood his State custody time, and only intended for his time in federal custody to extend to a certain year, has been waived. The Court sentenced Defendant to 48 months of federal custody, far below the recommendations of both the government and his probation officer. Doc. No. 24 at 18. Since Defendant waived his right to appeal and collaterally attack the conviction and sentence in his plea agreement, he has waived all claims except for claims of ineffective assistance of counsel.

3. Ineffective Assistance of Counsel

To prevail on a claim that counsel's assistance was so defective as to require reversal of a conviction, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The proper standard for evaluating attorney performance is whether the assistance was reasonably effective under the circumstances. *Id*. at 690. Judicial scrutiny of defense counsel's performance must be "highly deferential," and a court "must indulge a strong presumption that counsel's conduct falls within the wide

range of reasonable professional assistance...." *Id*. at 689. Prejudice is shown when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

In grounds one and three of Williams's motion under 28 U.S.C. § 2255, Williams asserts that the Court was misinformed about his state custody discharge date and that defense counsel did not notice the discrepancy between Williams's remaining state custodial time and the proposed federal custodial time. Doc. No. 34. Williams then argues that defense counsel's oversight resulted in Williams serving 48 months in federal custody, when the purported intent of the Court was for the defendant to only serve 36 months. *Id*. Per *Strickland*, Williams must affirmatively prove by a reasonable degree of probability (1) that defense counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for his errors, the result of the proceeding would have been different. 466 U.S. 668 (1984).

Here, Williams has failed to prove either of the prongs. Williams was facing a guideline range of custodial time ranging from 130 to 162 months, but through defense counsel's advocacy was sentenced to a 48-month sentence. The Court was fully aware that Defendant was serving a state sentence, had no federal custody credits, and would "go into federal custody on this offense for four years." Doc. No. 33 at 11. Williams's reduced sentence reflects both Defense Counsel's reasonably effective counsel and advocacy, and the Court's clear intention for Williams to serve 48 months "consecutive to" Williams's State offense." *Id*. Considering the strong presumption in favor of defense counsel's performance, *Strickland*, 466 U.S. 689 (1984), with the evidence of a favorable ruling for Williams, Defendant has failed to demonstrate that defense counsel's representation fell below an objective standard of reasonableness.

Similarly, Williams has failed to demonstrate that he was prejudiced. He claims the Court's belief was that in April 2021 Williams would begin his federal sentence; however, the transcript of his sentencing hearing definitively proves that is not the case.

To the contrary, the Court clearly stated on the record that Defendant should be sentenced to 48 months for his federal crime based of the 18 U.S.C. 3553(a) factors, and that it should be consecutive to his state custody.

## CONCLUSION

For the reasons set forth above, the motion is **DENIED**.

Dated: June 17, 2022

Hon. Cathy Ann Bencivengo
United States District Judge